

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

*Overruled:*
*WW-97*
*WW-58*

WAGGONER CARR
ATTORNEY GENERAL

June 7, 1966

Honorable Gordon H. Lloyd
Executive Secretary
Employees Retirement System of Texas
Capitol Station
Austin, Texas

Opinion No. C-704

Re: Whether the retire-
ment funds of the
Employees Retire-
ment System may be
invested in corpor-
ate stocks and bonds
other than those in
which the Permanent
University Fund of
the University of
Texas is invested.

Dear Mr. Lloyd:

      We are in receipt of your letter for an opinion in which the following question is posed:

      Is the investment of Employees Retirement Fund in corporate bonds, preferred stocks and common stocks subject to the discretion of the Board of Trustees of the Employees Retirement System, within those limits set out in Section 11a of Article VII of the Constitution for guidance of the Board of Regents of the University, or may the Board of Trustees of the Employees Retirement System make such investments within its discretion, but only in the specific stocks and bonds which have been deemed proper investments for the Permanent University Fund by the Board of Regents of the University of Texas.

      After carefully reviewing the Constitution and statutes of this state and previous Attorney General Opinions related to this question, we have come to the definite conclusion that the investment of the Employees Retirement Funds, created by provisions of Section 62(a), Article XVI of the Texas Constitution, in such securities as corporate bonds and preferred and common stocks is subject to the discretionary determination of the Board of Trustees of the Employees Retirement System of Texas but within the same limitations and restrictions as are provided in Section 11(a) of Article VII of the Texas Constitution. In this connection, we hold that the Board of Trustees

-3396-

is vested with the same discretion in the investment of its funds as is vested in the University of Texas Board of Regents in the investment of the funds entrusted to that Board. It is our further conclusion that the Board of Trustees is in no way limited in its investments to the specific stocks and bonds which the Board of Regents has determined proper investments for the Permanent University Fund.

In reaching our above conclusions, we must first observe the unambiguous guidelines provided in Section 62(a) of Article XVI of the Constitution of Texas, adopted in November, 1957, which reads in part as follows:

"All funds provided from the compensation of such person or by the State of Texas for such Retirement, Disability and Death Compensation Fund, as are received by the Treasury of the State of Texas, shall be invested in bonds of the United States, or in bonds issued by any agency of the United States Government, the payment of the principal of and interest on which is guaranteed by the United States; or in such other securities as are now or hereafter may be permitted by law as investments for the Permanent University Fund or for the Permanent School Fund of this State, under the same limitations and restrictions imposed by the Constitution for investment of those funds and subject to such regulations as the Legislature may provide. However, a sufficient amount of said Fund shall be kept on hand to meet the immediate payment of the amount likely to become due each year out of said Fund, such amount of funds to be kept on hand to be determined by the agency which may be provided by law to administer said Fund.

Should the Legislature enact enabling laws in anticipation of the adoption of the Amendment, such legislation shall not be invalid by reason of its anticipatory character. As amended Nov. 4, 1958." (Emphasis added)

Pursuant to the passage of the above constitutional amendment, the Legislature, by Article 6228(a), Vernon's Civil Statutes, named the Board of Trustees of the Employees Retirement System as the agency to make the investments and administer the funds. Said Article 6228(a) provides, in part, the following:

"Sec. 7.A.  The State <u>Board of Trustees shall</u>
<u>be the Trustees of the several funds as herein created</u>
<u>by this Act and shall have full power to invest and</u>
<u>reinvest such funds</u> subject to the following limita-
tions and restrictions:

All retirement funds as are received by the
Treasury of the State of Texas as deposits from
contributions of members or employer as herein
provided, may be invested only in bonds and other
evidences of indebtedness of the United States,
and all other bonds or evidences of indebtedness
which are guaranteed as to principal and interest
by the United States; in bonds and other evidences
of indebtedness, both general and special obliga-
tions, of the State of Texas and any of its agencies;
in bonds or other evidences of indebtedness of muni-
cipal corporations or political subdivisions of the
State of Texas both general and special obligations,
which have been approved as to legality by the Attor-
ney General of the State of Texas; <u>and in securities</u>
<u>in which the State Permanent School Fund of the Univ-</u>
<u>ersity of Texas may be invested under present or</u>
<u>hereafter enacted laws.  The State Board of Trustees</u>
<u>shall have full power by proper resolution to hold,</u>
<u>purchase, sell, assign, transfer, and dispose of any</u>
<u>of the securities and investments in which any of the</u>
<u>funds credited herein shall have been invested,</u> as
well as the proceeds of said investments and any
moneys belonging to said funds, provided that any
money on hand shall be subject to the State Deposi-
tory Laws of Texas."  (Emphasis added.)

The delegation of such duties of trust and discretion
in the investment of the funds into certain corporate stocks
and bonds (within the limitations provided by law) is thus
clearly vested in the Board of Trustees of the Employees Retire-
ment System.  No such authority is given, and no such dele-
gation of those discretionary duties of trust is made, to the
separate agency, the Board of Regents of the University of
Texas.

By virtue of the provisions of Section 62(a) of
Article XVI of the Constitution of Texas, that limitation
provided by law in the discretionary investment of funds is
set out in Section 11(a) of Article VII of the Constitution of
Texas and reads as follows:

"In addition to the bonds now enumerated in Section 11 of Article VII of the Constitution of the State of Texas, the Permanent University Fund may be invested in first lien real estate mortgage securities guaranteed in any manner in whole by the United States Government or any agency thereof <u>and in such corporation bonds, preferred stocks and common stocks</u> as the Board of Regents of the University of Texas may deem to be proper investments for said fund; and the interest and dividends accruing from the securities listed in Section 11 and Section 11a, except the portion thereof which is appropriated by the operation of Section 18 of Article VII for the payment of principal and interest on bonds or notes issued thereunder, shall be subject to appropriation by the Legislature to accomplish the purposes declared in Section 10 of Article VII of this Constitution. In making each and all of such investments said Board of Regents shall exercise the judgment and care under the circumstances then prevailing which men of ordinary prudence, discretion, and intelligence exercise in the management of their own affairs not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income therefrom as well as the probable safety of their capital; provided, however, that not more than fifty per cent (50%) of said fund shall be invested at any given time in corporate stocks and bonds, nor shall more than one per cent (1%) of said fund be invested in securities issued by any one (1) corporation, nor shall more than five per cent (5%) of the voting stock of any one (1) corporation be owned; and provided, further, that stocks eligible for purchase shall be restricted to stocks of companies incorporated within the United States which have paid dividends for ten (10) consecutive years or longer immediately prior to the date of purchase and which, except for bank stocks and insurance stocks, are listed upon an exchange registered with the Securities and Exchange Commission or its successors. This amendment shall be self-enacting, and shall become effective upon its adoption, provided, however, that the Legislature shall provide by law for full disclosure of all details concerning the investments in corporate stocks and bonds and other investments authorized herein. Adopted Nov. 6, 1956. (Emphasis added.)

This same Section 11(a) of Article VII of the Constitution of Texas likewise sets forth the following investment limitations and restrictions applicable to corporate securities which must be observed by the Board of Trustees:

1. In making such investments said Board of Trustees "Shall exercise the judgment and care under the circumstances then prevailing which men of ordinary prudence, discretion, and intelligence exercise in the management of their own affairs not in regard to speculation but in regard to the permanent disposition of their funds." (Prudent man's rule)

2. The Board of Trustees must 'consider the probable income therefrom as well as the probable safety of their capital".

3. It is provided further for the Board of Trustees "that not more than fifty per cent (50%) of said fund shall be invested at any given time in corporate stocks and bonds".

4. The Board of Trustees also is required to see that funds invested in corporate securities "shall be invested at any given time in corporate stocks and bonds, nor shall more than one per cent (1%) of said fund be invested in securities issued by any one corporation".

5. The Board of Trustees is required to invest in such corporate securities and shall not have "more than five per cent (5%) of the voting stock of any one corporation be owned".

6. The Board of Trustees is restricted to "stocks eligible for purchase shall be restricted to stock of companies incorporated within the United States".

7. A further restriction on the Board of Trustees requires that stocks cannot be purchased "unless the stocks purchased have paid dividends for ten consecutive years or longer immediately prior to the date of purchase and which, except for bank stocks and insurance stocks, are listed upon an exchange registered with the Securities and Exchange Commission or its successors".

It is, therefore, the opinion of this office that the language in Section 62(a) of Article XVI of the Constitution of Texas and in the enabling legislation as provided in Article 6228(a) is legally sufficient and intended to constitute the entire legal criteria and guidelines governing the discretionary investment of the Employees Retirement Funds in corporate bonds and stocks. Furthermore, we are unable to find within either the Constitution or statute any intent that the Board of Regents' judgment and discretion in making investments for the Permanent University Fund was to substitute for or govern over that judgment and discretion granted separately to the Board of Trustees in the investment of the Employees Retirement Funds as contemplated by the Texas Constitution in Section 62(a) of Article XVI. On the contrary, we hold that the exercise of the duties of trust, judgment, care, and discretion of the Board of Trustees of the Employees Retirement System of Texas is subject to the identical limitations and restrictions in the investment of the funds entrusted to it as apply to the University of Texas Board of Regents in carrying out their separate and distinct investment functions and duties of trust under Section 11(a) of Article VII of the Constitution of Texas.

In Attorney General's Opinion WW 548(1959), it was held that Section 11(a) of Article VII of the Texas Constitution is to be applied to the investment of the Permanent University Funds in corporate stocks and bonds; and the Board of Regents may invest the funds in such securities <u>as the Board may deem to be proper investments</u> for said fund. That Opinion further concluded that this language extended to and was controlling in the investment of Employees Retirement Funds. That language, however, does not fall within the limitations and restrictions provided in Section 11(a) of Article VII of the Constitution of Texas but merely provides that the Board of Regents may exercise its discretion in selecting the securities, provided they meet the requirements of Section 11(a) of Article VII of the Texas Constitution. It is our opinion that the Board of Trustees of the Employees Retirement System has this same discretion. To apply such meaning to Section 11a of Article VII of the Constitution of Texas as reasoned in Opinion WW 548 would, in effect, be substituting the judgment and discretion of the Board of Regents of the University of Texas for that of the Trustees of the Employees Retirement Fund. We understand that the Board of Regents of the University of Texas has the right to exercise its **judgment in** what it "may deem to be proper investments for said fund" but only for the fund over which it has the right to exercise control.

We therefore overrule Attorney General Opinions WW 548(1959) and WW 971(1960) to the extent that they are in conflict with this opinion.

## SUMMARY

The investment of the Employees Retirement Funds in corporate securities is subject to the discretion and judgment of the Board of Trustees of the Employees Retirement System of Texas, and not that of the Board of Regents of the University of Texas; subject, however, to the limitation and restrictions imposed by Section 11(a) of Article VII of the Constitution of Texas. The Board of Trustees and the Board of Regents, as separate agencies, have the right to exercise independent discretion and judgment in the investment of their respective trust funds and are subject to the same limitation and restrictions governing their investments.

Attorney General Opinions WW 548(1959) and WW 971(1960) are overruled to the extent that they conflict with this opinion.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: John H. Banks
Assistant Attorney General

JHB:mh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

John Reeves
J. C. Davis
Malcolm Quick
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright